**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DETAO XIONG, | No. 16-72072 |
| Petitioner, | Agency No. A200-785-561 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2022**
Pasadena, California

Before: SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Petitioner Detao Xiong, a native and citizen of China, petitions for review of

the Board of Immigration Appeal's denial of his application for asylum and

withholding of removal. Xiong sought protection based on his opposition to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

China's one-child policy. He challenges the Board's adverse credibility determination.

We conclude that determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (reviewing an adverse credibility determination for substantial evidence). There were numerous inconsistencies in the Petitioner's testimony that Xiong failed to explain. For example, Xiong maintained that his wife was forced to have an abortion, but his own documents suggest that his wife gave birth. Xiong also claimed that he was pressured at home by government officials but later stated that he was pressured only at work by his employer's family planning official. Xiong provided implausible testimony when he failed to explain how the Chinese government allegedly tried but failed for over a year to forcibly sterilize him even though the government knew where he lived and worked.

Petitioner was given the opportunity to explain these discrepancies and to provide corroboration, but he did not do so. He offers only the inadequate explanation that the evidence might be subject to a different interpretation. *See* 8 U.S.C. § 1252(b)(4)(B) (stating that this Court may only overturn factual determinations if the record "compelled" that result).

**DENIED**.

2